(Not for publication)                                      Docket Entry No. 6

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____
                                            :
RAQUEL PETERS, NAPOLEAN            :
VIDALES,                                     :
                                            :
            Plaintiffs,                     :        Civil No. 04:06057 (RBK)
                                            :
       v.                                   :        **OPINION**
                                            :
UNITED STATES DEPARTMENT OF        :
HOUSING & URBAN DEVELOPMENT,    :
FIRST PRESTON MANAGEMENT,         :
REMAX PROPERTIES UNLIMITED,        :
INTEGRITY PEST MANAGEMENT,         :
                                            :
            Defendants.                     :
_____   :


**KUGLER**, United States District Judge:

       This matter comes before the Court upon motion by Defendant First Preston Management

("First Preston") to dismiss Plaintiffs' Complaint for (1) failure to state a claim upon which relief

can be granted and (2) lack of personal jurisdiction due to insufficient process and service of

process.  For the reasons set forth below, the Court will grant First Preston's unopposed motion.

## I.  BACKGROUND

       In July 2003, Plaintiffs Raquel Peters and Napolean Vidales purchased the property

located at 20 Sherwood Lane, West Hampton, Mount Laurel Township, New Jersey ("the

property") from the Department of Housing and Urban Development ("HUD"). (See Compl.

Count II, ¶ 3.)  HUD is a governmental entity responsible for the disposition of certain family

properties, including those (1) acquired by the Federal Housing Administration through

foreclosure of insured or HUD-held mortgages, or loans made pursuant to the National Housing

Act of 1942 ("NHA"), or (2) acquired by HUD pursuant to Section 312 of the NHA. See 24

C.F.R. § 291.1.  HUD regulations provide that the acquired properties can be sold in as-is

condition. 24 C.F.R. § 291.100(c)(1)-(3).  Furthermore, HUD may enter into contracts with

multiple, separate entities to facilitate the management and marketing of the HUD-properties

eligible for sale. See 24 C.F.R. § 291.100(h)(2)(I).  Defendant First Preston is one of those

contractors and its primary function is to maintain the HUD-owned properties in a manner that

makes them presentable and prevents further damage from occurring pending a sale. (Def. Mem.

at 4-5.)

      On or about May 22, 2003, prior to Plaintiffs' purchase of the property, Defendant

Integrity Pest Management performed a termite inspection of the property on behalf of HUD.

(Compl. Count I, ¶ 9.)  The inspection report completed by Integrity Pest Management stated that

"No viable evidence of a wood insect infestation was observed." (Compl. Count I, ¶ 9.)  On or

about August 28, 2003, Plaintiffs allegedly discovered some amount of termite damage on the

property, and approximately a year after that, they experienced additional termite problems.

(Compl. Count II, ¶¶ 4, 5.)

      As a result, on December 8, 2004, Plaintiffs filed their Complaint in this matter against

HUD and several of HUD's contractors.  The Complaint attempts to state several causes of

action against all Defendants, including (1) breach of contract, (2) fraudulent misrepresentation,

(3) fraudulent "suppression", (4) conspiracy, (5) breach of fiduciary duty, (6) negligence, (7)

"wantonness," and (8) consumer fraud. (See Compl. Count I, ¶ 6.)  However, the only allegation

in the Complaint specifically directed toward First Preston states that "First Preston acted as an

agent for HUD in the purchase of Plaintiffs' home, and therefore is liable for defects known or

unknown and unobservable by the buyer.'" (Compl. Count IV, ¶ 2.)

## II.  STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).  When reviewing a Rule 12(b)(6) motion to dismiss, the Court must accept as true all factual allegations in the complaint and must provide the plaintiff with the benefit of all inferences that may be fairly drawn from the contents of the complaint. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993); Wilson v. Rackmill, 878 F.2d 772, 775 (3d Cir. 1989).  The Court may not grant a Rule 12(b)(6) motion to dismiss unless it is certain that no set of facts can be proven that would entitle the plaintiff to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981).  Nevertheless, when deciding a motion to dismiss, the Court need not credit a complaint's conclusory allegations, bald assertions, or legal conclusions masquerading as factual claims. See Morse v. Lower Merion School District, 132 F.3d 902, 906 n.8 (3d Cir. 1997) (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997); Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)).

In addition, a Complaint may be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2) (lack of personal jurisdiction), 12(b)(4) (insufficiency of process) and 12(b)(5) (insufficiency of service of process).  If the plaintiff does not properly serve the defendants with a copy of the summons and complaint, and the plaintiff does not effectuate a valid waiver of service in accordance with Federal Rule of Civil Procedure 4, the district court may dismiss the case for lack of jurisdiction over the defendants. See Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 886 (8th Cir. 1996) (finding that where defendant is improperly served, district court lacks jurisdiction over defendant regardless of whether defendant had actual notice

of lawsuit); Eastman Kodak Co. v. Studiengesellschaft Kohle mbH, 392 F. Supp. 1152, 1154 (D.

Del. 1975) ("Service of process on a [defendant] is the procedural incident of the assertion of a

court's jurisdiction over it.")  Furthermore, if the defendants have not waived a defense based

upon personal jurisdiction, the Court may sua sponte consider whether it lacks jurisdiction over

the defendants due to insufficient service of process. See Fed. R. Civ. P. 4(m); Pusey v. Dallas

Corp., 938 F.2d 498, 501 (4th Cir. 1991).

## II. DISCUSSION

        In its motion to dismiss, First Preston argues that Plaintiffs' Complaint should be

dismissed for two primary reasons.  First, Defendant First Preston alleges that Plaintiffs never

properly served First Preston with a copy of the summons and Complaint, and therefore, the

Court lacks personal jurisdiction over First Preston.  Second, First Preston contends that the

allegations against it fail to state a claim upon which relief can be granted.  The Court will

address each of these arguments in turn.

### A.  Insufficient Process and Service of Process

        Federal Rule of Civil Procedure 4(m) provides that courts may dismiss actions where

"service of the summons and complaint has not been made within 120 days after the filing of the

complaint" unless "the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m).  Prior to

dismissing a suit pursuant to Rule 4(m), the Court should determine whether good cause exists

for granting an extension of time to effectuate proper service. Petrucelli v. Bohringer &

Ratzinger, 46 F.3d 1298, 1305-06 (3d Cir. 1995).  Good cause exists where there is a

"demonstration of good faith on the part of the party seeking an enlargement and some

reasonable basis for noncompliance within the time specified in the rules." MCI Telecomm.

Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir.1995) (citing Petrucelli, 46 F.3d at

1312).  Some of the factors courts examine in determining whether good cause exists include: (1) the reasonableness of the plaintiff's efforts to serve, (2) the prejudice that may befall a defendant as a consequence of untimely service, and (3) whether plaintiff moved for an enlargement of time to serve. Id. (citing the three factors but noting that although prejudice to the defendant is a consideration, the "absence of prejudice alone can never constitute good cause to excuse late service").  In addition, the burden of establishing good cause rests with the Plaintiffs.  Parker v. John Doe #1, No. Civ. A. 02-CV-7215, 2003 WL 21294962, at *2 (E.D. Pa. Jan. 21, 2003).

Based upon these principles, the Plaintiffs' failure to effectuate proper service appears unreasonable under the circumstances.  According to First Preston's memorandum, First Preston never received a summons issued by the Court nor a valid waiver of service pursuant to Fed. R. Civ. P. 4(d).  Rather, HUD advised First Preston that this action had been filed against it. (First Preston Mem. at 12.)  First Preston's counsel then contacted Plaintiffs' attorney, who only subsequently mailed First Preston a copy of the Complaint. (First Preston Mem. at 12.)  In other words, even though Plaintiffs were on notice that First Preston had not been properly served, it appears that Plaintiffs did not make any efforts to effectuate proper service or obtain a valid waiver.  Clearly, the 120 day period for effectuating timely service has long passed as Plaintiffs filed their Complaint on December 8, 2004.  Moreover, Plaintiffs have not moved for an enlargement of time to serve, nor have they responded to First Preston's motion to dismiss or otherwise provided any reasons for their failure to effectuate timely service.   Accordingly, this Court finds that Plaintiffs failed to meet their burden of demonstrating good cause for the failure to effectuate service on First Preston.  Therefore, the complaint will be dismissed as to First Preston pursuant to Rule 4(m).

In terms of the other defendants in this matter, the Court may sua sponte raise the issue of

improper service of process. <u>See</u> Fed. R. Civ. P. 4(m); <u>Pusey v. Dallas Corp.</u>, 938 F.2d 498, 501

(4th Cir. 1991).  Because there is no evidence of proper service on any of the current defendants

in the record, the Court will issue an order directing Plaintiffs to submit proof of proper service

as to all other defendants in this matter, under pain of dismissal.

**B.  Failure to State a Claim**

In the alternative, First Preston argues that the allegations in Plaintiffs' Complaint do not

state a viable claim against First Preston.  The only allegation specifically directed to First

Preston is that "First Preston Management acted as an agent for HUD in the purchase of

Plaintiff's home, and therefore is liable for defects known and unknown and unobservable by the

buyer." (Compl. Count IV, ¶ 2.)  For the reasons set forth below, this Court agrees that the

Complaint as it pertains to First Preston should be dismissed for failure to state a claim upon

which relief can be granted.

1.  Breach of Contract

Plaintiffs' Complaint alleges a claim for breach of contract presumably against all

defendants, including First Preston. (<u>See</u> Compl. Count I, ¶ 6; Count IV, ¶ 2.)  To state a valid

breach of contract claim, a plaintiff must allege the following elements: (1) the existence of a

contract, (2) a breach of that contract, (3) damages arising from the alleged breach, and (4) a

showing that the plaintiff has performed all of his/her own contractual duties.  <u>Video Pipeline,</u>

<u>Inc. v. Buena Vista Entm't, Inc.</u>, 210 F. Supp. 2d 552, 561 (D.N.J. 2002) (citing <u>Public Serv.</u>

<u>Enter. Group, Inc. v. Philadelphia Elec. Co.</u>, 722 F. Supp. 184, 219 (D.N.J. 1989)).  Here,

Plaintiffs do not plead these requirements.  The Complaint fails to allege that Plaintiffs were in a

contractual relationship with First Preston.  Although the Plaintiffs presumably had a contract

with HUD for the purchase of the property, the Complaint sets forth no factual allegations that

establish any kind of contractual liability between Plaintiffs and First Preston.  In addition,

Plaintiffs have not identified any facts that might constitute a breach by First Preston of any

contract with Plaintiffs, nor have they identified any damages that they suffered because of any

such breach.  Because Plaintiffs have failed to plead the basic elements of a breach of contract

claim against First Preston, they would not be entitled to relief even viewing the allegations in a

light most favorable to Plaintiffs.  Accordingly, the breach of contract claim against First Preston

must be dismissed.

> ### 2.   Negligence

Plaintiffs' Complaint also purports to state a negligence claim against the Defendants.

(Compl. Count I, ¶ 6.)  Under New Jersey law, Plaintiffs must establish the following elements to

prevail in a negligence action: (1) the defendant owed plaintiff a duty of care, (2) the defendant

breached that duty, (3) the defendant's breach was the proximate cause of the alleged harm to

plaintiff, and (4) the defendant's breach caused actual damages to the plaintiff. See Ramirez v.

United States, 998 F. Supp. 425, 435 (D.N.J. 1998) (citing Weinberg v. Dinger, 524 A.2d 366,

373 (N.J. 1987)).

In the present case, the Plaintiffs do not allege that First Preston owed them any duty of

care, nor is there any allegation of a purported breach of that duty which proximately caused

Plaintiffs' damages.  The only factual allegation in the Complaint as to First Preston is that First

Preston acted as "HUD's agent" and as such, should be liable for "any defect known or unknown

or unobservable" to Plaintiffs. (Compl. Count IV, ¶ 2.)  However, the mere fact that First Preston

had an independent contract with HUD does not establish that First Preston was negligent toward

Plaintiffs, nor does it excuse the Plaintiffs from pleading the four requirements of a valid

negligence claim. See Int'l Minerals & Mining Corp. v. Citicorp North Am., Inc., 736 F. Supp.

587, 597 (D.N.J. 1990) ("where a party does not owe another a duty of care absent the existence

of a contract, a separate duty of care cannot arise simply by virtue of the existence of a contract").

Because the Complaint fails to allege duty, breach, causation or damages, the Court will dismiss

the negligence claim against First Preston.

### 3.  Common Law Fraud Claims

The Plaintiffs' Complaint also makes claims for "fraudulent misrepresentation" and

"fraudulent suppression." (Compl. Count I, ¶ 6.)  The elements of common law fraud are: (1) a

material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the

defendant of its falsity; (3) an intention that the plaintiff rely on that misrepresentation; (4)

reasonable reliance on the misrepresentation by the plaintiff; and (5) resulting damages. Gennari

v. Weichert Co. Realtors, 691 A.2d 350, 367 (N.J. 1997) (citing Jewish Ctr. of Sussex County v.

Whale, 432 A.2d 521 (1981)).

A fraud claim may take the form of an affirmative misrepresentation or silence in the face

of a duty to disclose. See United Jersey Bank v. Kensey, 704 A.2d 38, 43 (N.J. Super. Ct. App.

Div. 1997).  Three types of relationships generally give rise to a duty to disclose under New

Jersey law, including (1) fiduciary relationships such as principal-agent or lawyer-client; (2)

relationships where one party expressly reposits trust in another party; and (3) relationships

arising from transactions that are so inherently fiduciary in nature that a degree of trust is

required to protect the parties. Id.

In addition, all fraud claims must be plead with specificity.  Fed. R. Civ. P. 9(b).  The

purpose behind the particularity requirement is to put defendants on notice of the precise

misconduct with which they are charged and also to prevent spurious claims of immoral or

fraudulent behavior. Seville Indus. Machinery Corp. v. Southmost Machinery Corp., 742 F.2d

786, 791 (3d Cir. 1984).  Although specific details such as dates, times, or locations for each alleged act of fraud are not necessarily required, the plaintiff must "inject precision and some substantiation" into their fraud claims. Id.  The plaintiff should allege who spoke the fraudulent words in the case of an affirmative misrepresentation, and in the case of multiple defendants, the plaintiff must plead fraud with particularity as to each individual defendant, as opposed to clustering together their allegedly fraudulent acts.  Klein v. Gen. Nutrition Companies, Inc., 186 F.3d 338, 345 (3d Cir. 1999) (plaintiff must identify the speaker of the allegedly fraudulent statement); Naporano Iron & Metal Co. v. Am. Crane Corp., 79 F. Supp. 2d 494, 511 (D.N.J. 1999) (plaintiff must plead fraud with particularity with respect to each defendant); Eli Lilly & Co. v. Roussel Corp., 23 F. Supp. 2d 460, 492 (D.N.J. 1998) (plaintiff cannot merely attribute fraudulent statements to "defendants").

     The Plaintiffs here have not sufficiently alleged a claim for fraud against First Preston. Plaintiffs do not allege that First Preston made any kind of misrepresentation to Plaintiffs, nor do they allege that First Preston had any knowledge of the falsity of any such misrepresentation. Without asserting the existence of a misrepresentation and First Preston's knowledge of its falsity, Plaintiffs clearly could not allege reasonable reliance on the misrepresentation or damages as a result of that misrepresentation.  Moreover, Plaintiffs have not satisfied the heightened specificity requirements for pleading fraud.  Just as there are no bare allegations of a knowing misrepresentation by First Preston, there are similarly no allegations in the Complaint setting forth the particular acts or omissions First Preston may have engaged in that would potentially support a fraud claim.  Finally, in the event that the Plaintiff's "fraudulent suppression" claim implies that First Preston had a duty to disclose to Plaintiffs, the Complaint fails to allege the basis for imposing that duty.  In other words, the Plaintiff fails to assert that First Preston had a

fiduciary-type relationship with Plaintiffs that would create a duty of disclosure.  Although First

Preston owed contractual duties to HUD, the plaintiff has not shown that those contractual duties

create a fiduciary relationship between First Preston and Plaintiffs.[1]  Accordingly, the Court will

dismiss Plaintiffs' common law fraud allegations for failure to state a viable claim.

### 4.  New Jersey Consumer Fraud Claim

Plaintiffs' Complaint also alleges a violation of New Jersey's Consumer Fraud Act

("CFA").  See N. J. Stat. Ann. § 56:8-2, et seq.  The CFA prohibits any "unconscionable

commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the

knowing concealment, suppression, or omission of any material fact" in connection with the sale

of merchandise or real estate. Id. § 56:8-2.  Simply put, the CFA prohibits both affirmative

misrepresentations and acts of omissions.

An affirmative misrepresentation is "material to the transaction" and involves a false

"statement of fact made to induce the buyer to make the purchase." Mango v. Pierce-Coombs,

851 A.2d 62, 69 (N.J. Super. Ct. App. Div. 2004) (citing Ji v. Palmer, 755 A.2d 1221, 1228 (N.J.

Super. Ct. App. Div. 2000)).  A statement is material if "a reasonable person would attach

---

[1]Plaintiffs merely state that as one of HUD's agents in the sale of the property, First
Preston is liable for "defects known and unknown and unobservable by the buyer." (Compl.
Count IV, ¶ 2.)  Although the Plaintiffs do not cite to any authority that supports this proposition,
the Court believes that the Plaintiffs may be referring to the New Jersey rule that a real estate
agent or broker in the sale of real estate is not only liable for his affirmative and intentional
misrepresentations, but he is also liable to the buyer for nondisclosure of defects known to him
and unknown or unobservable to the buyer. See Weintraub v. Krobatsch, 317 A.2d 68, 74 (N.J.
1974).  However, as mentioned above, Plaintiffs fail to allege that (1) First Preston was their real
estate agent or broker, and even assuming it was, (2) that First Preston knew about the termite
infestation at the time the property was sold.  Moreover, in its brief, First Preston clarifies that it
was not Plaintiff's agent or broker in the sale of the property.  Therefore, the rule of law
regarding the liability of real estate agents and brokers does not presently apply to First Preston,
and even if it did, the Plaintiffs fail to allege the requisite knowledge sufficient to support a claim
against First Preston for nondisclosure of a defect.

importance to its existence in determining a choice of action, or the maker of the representation

knows or has reason to know that its recipient regards or is likely to regard the matter as

important in determining his choice of action, although a reasonable man would not so regard it."

Ji, 755 A.2d at 1228 (citing Restatement of Torts, § 538-2 (1977)).  A claim for an affirmative

misrepresentation under the CFA need not allege knowledge of the falsity of the representation,

negligence, or the intent to deceive the consumer.  Id. (citing Gennari, 691 A.2d at 365).

       In their Complaint, Plaintiffs do not allege that First Preston made any affirmative

misrepresentation to them.  In fact, the Complaint fails to allege that First Preston ever even

communicated with Plaintiffs on any issue.  First Preston could not have affirmatively

misrepresented something to Plaintiffs if First Preston never had any contact or communications

with the Plaintiffs.  Therefore, Plaintiffs do not state a viable claim for affirmative

misrepresentation pursuant to the CFA.

       Additionally, to allege a claim for an omission pursuant to the CFA, the Plaintiffs must

allege that First Preston, "concealed, suppressed or omitted a material fact, knowingly and with

intent that others rely on the omission."  See Varacallo v. Massachusetts Mut. Life Ins., 752 A.2d

807, 813 (N.J. Super. Ct. App. Div. 2000).  As stated above, the Plaintiffs here merely state that

First Preston is liable for "defects known or unknown and unobservable by the buyer." (Compl.

Count IV, ¶2.)  In trying to determine where this language originates in the law, the Court has

already ruled out the applicability of the New Jersey rule regarding the nondisclosure liability of

real estate agents and brokers engaged in the sale of property.  See supra, n.1.  In contrast, First

Preston suggests that the Plaintiffs excerpted the language from Strawn v. Canuso, 657 A.2d 420

(N.J. 1995).  Nevertheless, as First Preston points out in its brief, the actual holding in Strawn is

as follows,

> We hold that a builder-developer of residential real estate or a broker representing it is not only liable to a purchaser for affirmative and intentional misrepresentation, but is also liable for nondisclosure of *off-site physical conditions known to it* and unknown and not readily observable by the buyer if the existence of those conditions is of sufficient materiality to affect the habitability, use, or enjoyment of the property and, therefore, render the property substantially less desirable or valuable to the objectively reasonable buyer.

Strawn, 657 A.2d at 431 (emphasis added).  The alleged termite damage to Plaintiffs' property is not the kind of off-site physical condition to which the Strawn holding applies.  Moreover, even if Strawn were applicable to this case, the Plaintiffs have failed to allege that First Preston knew of any termite condition or intended for Plaintiffs to rely on any alleged omission regarding that condition.  In addition, given that there appears to have been no contact whatsoever between Plaintiffs and First Preston, it would seem difficult for Plaintiff to assert that First Preston knowingly and intentionally concealed or omitted anything.  If there has been no contact or relationship between Plaintiffs and First Preston, there would be no opportunity for misrepresentation or omission.  In any event, because the necessary allegations are missing from the Complaint, Plaintiffs fail to state a viable CFA claim against First Preston for omission or concealment of a material fact.

### 5.  Breach of Fiduciary Duty

Any claim in Plaintiffs' Complaint against First Preston for breach of fiduciary duty must also fail as a matter of law. (See Compl. Count I, ¶ 6.)  A fiduciary relationship exists where one party is under a duty to act for or give advice for the benefit of another on matters within the scope of their relationship. F.G. v. MacDonnell, 696 A.2d 697, 704 (N.J. 1997) (citing Restatement (Second) of Torts, § 874 cmt. a (1979)).  A fiduciary relationship is of such a character of trust and confidence so as to render it reasonably certain that the one party occupied a dominant position over the other.  Id. (citing Blake v. Brennan, 61 A.2d 916, 919 (N.J. Super.

Ct. Ch. Div. 1948)).  In the Complaint, the Plaintiffs fail to allege any relationship whatsoever

with First Preston, let alone facts that would establish a position of trust, confidence, or

dominance.  Plaintiffs merely state that First Preston was HUD's agent.  Because Plaintiffs fail to

allege any of the characteristics necessary to establish a fiduciary relationship between

themselves and First Preston, the Court will dismiss the breach of fiduciary duty claim as a

matter of law.

### 6.  Conspiracy

The final Count in the Complaint is a conspiracy claim. (See Compl. Count I, ¶ 6).  A

valid civil conspiracy claim must allege (1) a combination of two or more persons; (2) a real

agreement or confederation with a common design, (3) the existence of an unlawful purpose, or

of a lawful purpose to be achieved by unlawful means, and (4) proof of special damages.

Morganroth & Morganroth v. Norris, McLaughlin & Marcus, P.C., 331 F.3d 406, 414 (3d Cir.

2003) (citation omitted).  To establish an agreement among co-conspirators, the plaintiff need

only present circumstantial evidence. See Morgan v. Union County Board of Freeholders, 633

A.2d 985, 998 (N.J. Super. Ct. App. Div. 1993). That said, the plaintiff must show that within the

conspiracy there was one plan and that its essential scope and nature was known to each person

who is charged with responsibility for its consequences. Id. at 999 (citing Hoffman-La Roche,

Inc. v. Greenberg, 447 F.2d 872, 875 (7th Cir. 1991)).  In addition, the Plaintiff must demonstrate

an act on the part of the defendant in furtherance of the conspiratorial scheme, and the plaintiff

must show not only the alleged agreement, but also the independent underlying wrong which was

the object of the agreement. See Weil v. Express Container Corp., 824 A.2d 174, 183 (N.J.

Super. Ct. App. Div. 2003); Morgan, 633 A.2d at 998.  Under New Jersey law, the gravamen of a

civil conspiracy charge is not the unlawful agreement, but rather the "underlying wrong which,

absent the conspiracy, would give a right of action." Morgan, 633 A.2d at 998 (quoting Board of

Educ. v. Hoek, 183 A.2d 633, 646 (N.J. 1962)) (other citations omitted).

    The current Plaintiffs fail to allege both the elements of a conspiracy as well as any

actionable, underlying wrong.  Plaintiffs present no facts or allegations to suggest that there was

any shared objective among the defendants to defraud Plaintiffs.  There are no allegations to

suggest that the defendants ever communicated at all regarding any fraudulent purpose, much less

any allegations that the defendants shared a deliberate scheme to conceal any termite problems

from Plaintiffs.  They also fail to allege any particular act committed by First Preston in

furtherance of the alleged conspiracy.  Furthermore, as discussed above, the Plaintiffs fail to

allege any other actionable claim which might serve as the "underlying wrong" necessary to

sustain a civil conspiracy claim in New Jersey.  As a result, the Court will dismiss Plaintiffs'

civil conspiracy claim against First Preston for failure to state a claim upon which relief can be

granted.

## III.  CONCLUSION

    For the foregoing reasons, the Court will grant First Preston's motion to dismiss.  The

Court will dismiss all claims against First Preston based upon insufficient service of process and

failure to state a claim upon which relief can be granted.  Moreover, the Court will direct

Plaintiffs to submit proof of proper service as to all remaining defendants, under pain of

dismissal.  The accompanying Order shall issue today.


Dated:   February 1, 2006                          s/ Robert B. Kugler
                                                   ROBERT B. KUGLER
                                                   United States District Judge